FILED
United States Court of Appeals
Tenth Circuit

June 28, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

FRANCISCO ADAN LOPEZ,

Defendant–Appellant.

No. 13-2045
(D.C. Nos. 2:12-CV-01035-RB-LFG and
2:11-CR-01163-RB-2)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Appellant Fancisco Lopez seeks a certificate of appealability to appeal the district

court's denial of his 28 U.S.C. § 2255 habeas petition. Appellant pled guilty to two

federal drug charges and was sentenced to forty-six months of imprisonment, a

substantial reduction from the sentence he faced without the benefit of the plea

agreement. Appellant then filed his § 2255 petition, claiming (1) he received ineffective

assistance of counsel during the plea negotiations because counsel failed to advise him of

the deportation consequences of pleading guilty and (2) the "plea admonishment

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[regarding immigration consequences] . . . violate[d] the Fifth Amendment Due Process" clause (App. at 17) because it contained nothing more than a "'boilerplate' advisory" (App. at 50).

After reviewing the record, the magistrate judge concluded there was no factual support for Appellant's claims. The record, including Appellant's own statements at the change of plea hearing, clearly demonstrated that Appellant was indeed informed, "You're . . . going to be deported because there is a mandatory deportation provision because you are pleading to . . . two drug offenses." (App. at 219.) The magistrate judge then noted that although Appellant's "Fifth Amendment claim is unclear," it appeared to be "premised on an argument that [his] guilty plea was taken involuntarily, unintelligently, and unknowingly in violation of the Fifth Amendment's due process clause, based on 'murky' language in the plea agreement." (App. at 624.) However, there was no evidence to support Appellant's apparent assertion that his plea was not voluntary, knowing, and intelligent. Accordingly, the magistrate judge recommended the district court deny Appellant's § 2255 petition. After considering Appellant's objections, the district court adopted the magistrate judge's findings and recommendations and denied Appellant's petition. Appellant now appeals.

After thoroughly reviewing Appellant's arguments and the record on appeal, we conclude that reasonable jurists would not debate the district court's decision. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, for substantially the same reasons given by the magistrate judge and the district court, we **DENY** Appellant's request for a certificate

of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT

Monroe G. McKay
Circuit Judge